No. 303 April 2, 2025 507

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of S. P.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. B. B.,
*Appellant.*

Umatilla County Circuit Court
23JU05959; A185107 (Control)

In the Matter of Q. B. B., aka Q. B. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. B. B.,
*Appellant.*

Umatilla County Circuit Court
23JU05960; A185108

Robert W. Collins, Jr., Judge.

Submitted February 18, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena C. Stross, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Mother appeals from juvenile court judgments extending jurisdiction over her two children. The court took jurisdiction on several bases, only one of which mother challenges on appeal: mother's substance abuse interfered with her ability to safely parent the children. Mother argues that the evidence failed to show that mother abused substances and that it posed a risk of serious harm to the children. We conclude that the evidence—and the reasonable inferences that can be drawn from that evidence—supports the juvenile court's conclusion that DHS had proven that jurisdictional allegation. We thus affirm.

We review the evidence, "as supplemented and buttressed by permissible derivative inferences," in the light most favorable to the juvenile court's disposition. *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). We are bound by the juvenile court's explicit and necessarily implied findings of historical fact if any evidence supports them. *Id.* at 639-40. Jurisdiction is proper under ORS 419B.100(1)(c) if, under the totality of the circumstances, "the child's conditions or circumstances 'present a current threat of serious loss or injury' that is reasonably likely to be realized and not merely speculative." *Dept. of Human Services v. T. N. M.*, 315 Or App 160, 162, 501 P3d 76 (2021).

After a hearing on the dependency petitions, the parties submitted written closing arguments. The juvenile court adopted the "factual summary" and "requested findings" in DHS's closing argument as its own findings and ruling. The evidence in the record, as summarized by DHS and adopted by the court, with respect to mother's substance abuse is as follows:

- Mother had a history of methamphetamine use;

- Mother made statements to DHS caseworkers that she has unaddressed childhood trauma, and "[t]hat's why she uses";

- Two DHS workers—who were trained in recognizing the signs of someone being under the influence of intoxicants—saw signs on different occasions within the two

and a half months leading up to the hearing that mother was under the influence of controlled substances;

- Mother's younger child's hair tested positive for methamphetamine and THC. The exposure occurred within 90 days prior to the children being removed, and although there was no way to determine how he was exposed, the level of drugs in his hair reflected a "consistent exposure" to the drugs;

- Mother had at least two people in her home and within the vicinity of the children, both of whom had a history of drug use and one of whom was arrested on a murder warrant at mother's home. Mother testified that she was the caregiver for the children and only left the children with those two people a few times; and

- Mother's older child was frequently late to or absent from school and was disciplined for bringing a knife that looked like a gun to school, issues that the school could never discuss with mother because she did not respond to their attempts to contact her.

Viewing that evidence in the light most favorable to the state, there is sufficient evidence to support the juvenile court's conclusion that mother was abusing substances at or near the time of the jurisdictional hearing and that it exposed the children to a serious risk of harm. *See, e.g.*, *id.* at 163-64 (mother's history of untreated drug use, inconsistent statements regarding her last use of methamphetamine, and past use during pregnancy permitted an inference that mother suffered from a current substance abuse disorder and that her continued substance abuse would interfere with her ability to parent her child).

Affirmed.